UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

------------------------------------------------------------X
CARLY STEWART and HAVE JEWELS, :
INC., :
 :
        Plaintiffs, :
 :
v. :
 :
UNDERWRITERS AT LLOYD'S, LONDON :
d/b/a CERTAIN UNDERWRITERS :
AT LLOYD'S, LONDON SUBSCRIBING :
TO CERTIFICATE NO. SS0470322, a :
foreign entity, authorized to do business in :
the State of Florida :
 :
        Defendant. :
------------------------------------------------------------X

## NOTICE OF REMOVAL BY UNDERWRITERS AT LLOYD'S LONDON

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants, Certain Underwriters at Lloyd's, London subscribing to Certificate Number SS0470322 ("Lloyd's Underwriters")[1], by and through the undersigned counsel, hereby remove this action from the Circuit Court of the Twentieth Judicial Circuit of Florida, Collier County (the "State Court Action"), where it is pending as Case No. 2024-CA-000545, to the United States District Court for the Middle District of Florida.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Lloyd's Underwriters, on the one hand, and the plaintiffs, Carly Stewart ("Stewart") and Have Jewels, Inc. ("Have Jewels") (collectively referred

---

[1] There are actually three separate Lloyd's syndicates that subscribe to the policy at issue, each of which can only be held severally liable.

to herein as "Plaintiffs"), on the other, and the amount in controversy exceeds $75,000, exclusive of interest and costs. The grounds for removal are set forth in more detail below.

## THE STATE COURT ACTION

The State Court Action was commenced by Plaintiffs with the filing of the Complaint on March 13, 2024 in the Circuit Court of the Twentieth Judicial Circuit of Florida, Collier County (Case No. No. 2024-CA-000545). Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06 of the Middle District of Florida, the entire file from the State Court Action, which includes all process, pleadings, and orders served upon Lloyd's Underwriters, are provided herewith.

The complaint seeks a declaration regarding Lloyd's Underwriters' alleged contractual obligation to defend and/or indemnify their insureds, Stewart and Have Jewels, in connection with a separate action filed in the 20th Judicial Circuit of Florida captioned *Jay Baker et al, v. Carly Stewart, et al.,* Case No. 11-2023-CA-1700 (Fla. Cir. Ct., Collier Cnty.) ("Underlying Complaint") (Compl., at Exhibit B).

A copy of the Complaint was served on Lloyd's Underwriters on March 15, 2024. *See* Notices of Service of Process. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344 (1999), because it is being filed within thirty days after a copy of the initial pleading setting forth the claim for relief upon which this action is based was served upon Lloyd's Underwriters.

Additionally, this Notice of Removal is being filed within one year from commencement of the action as required by 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on counsel for Plaintiffs and filed with the Clerk of the Circuit Court of the Twentieth Judicial Circuit of Florida, Collier County.

**JURISDICTION**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiffs, on the one hand, and Lloyd's Underwriters, on the other, and the amount in controversy exceeds $75,000, exclusive of interest and cost.

I. **Diversity of Citizenship**

   a. **Citizenship of Plaintiffs**

Plaintiff Carly Stewart is a natural person who is a citizen of Florida. (Compl. ¶ 1.) Plaintiff Have Jewels, Inc. is a Florida corporation with its principal place of business in Florida. (Compl. ¶ 2.) Attached as Exhibit 1 is a true and correct copy of publicly-available records from the website of the Florida Department of State, Division of Corporations (http://sunbiz.org). These records confirm that Have Jewels was incorporated in Florida and has its principal place of business at 1249 Rordon Avenue, Naples, Florida 34103.

Complete diversity of citizenship between plaintiff and defendant is necessary to invoke the diversity jurisdiction of a district court. *Farkas v. Dean*, 8:17-CV-2150-T-23AAS, 2018 WL 1121927, at *1 (M.D. Fla. Mar. 1, 2018). Complete diversity means that no defendant is a citizen of the same state as any plaintiff. *Id.* Because Plaintiffs are citizens of the State of Florida, in order for the Court to exercise diversity jurisdiction, Lloyd's Underwriters cannot also be citizens of Florida.

   b. **Citizenship of Defendants**

With regard to the citizenship of defendants, Lloyd's Underwriters severally subscribed to Certificate No. SS0470322. In *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010), the Eleventh Circuit explained that Lloyd's of London, of which defendants are part, is "not an insurance company, but rather a British organization that provides

3

infrastructure for the international insurance market." *Id.* at 1083. "Individual underwriters, known as 'Names' or 'members,' assume the risk of insurance loss." *Id.* It is thus not Lloyd's of London, but rather the individual underwriters operating within the Lloyd's of London infrastructure, that underwrite policies. *Id.* Participation in Lloyd's of London can be described as follows:

> The membership of Lloyd's is currently made up of body corporates, individuals, Scottish Limited Partnerships and Limited Liability Partnerships. Individual members tend to support a number of syndicates, whereas some corporate members only underwrite through a single syndicate. The term 'corporate member' is used to describe all types of member other than individual members.

*See* https://www.lloyds.com/conducting-business/member-services/useful-info/membership-overview. "Corporate members comprise body corporates (including limited companies and limited liability partnerships) and Scottish limited partnerships formed exclusively to underwrite insurance business at Lloyd's." *Id.* In contrast, "[i]ndividual members or 'Names' are high net worth individuals whose exposure to the insurance risks they underwrite is unlimited." *Id.* The Lloyd's Underwriters at issue in this case are all corporate members that control the following underwriting syndicates, each of which has a single member: Syndicate 2001, Syndicate 4472 and Syndicate 382. Importantly, none of the members of Syndicates 2001, 4472, or 382 are citizens of the state of Florida.

Syndicate 2001, one of the binding authorities for Certificate No. SS0470322, is not a citizen or resident of Florida or any other state within the United States. The sole underwriting member of Syndicate 2001 is MS Amlin Corporate Member Ltd. MS Amlin Corporate Member Ltd. is a United Kingdom Limited Company[2] with its principal place of business at The Leadenhall Building, 122 Leadenhall Street, London, England, EC3V 4AG. The sole capital

---

[2] A limited company under U.K. law is "analogous to a corporation under U.S. law." *See, e.g., Diplomat Golf Course Venture, LLC v. Indian Harbor Ins. Co.*, 2022 WL 3575345, *1 (S.D. Fla. July 20, 2022).

provider for Syndicate 2001 is MS Amlin Corporate Member, Ltd., which is a citizen of the United Kingdom for purposes of the diversity jurisdiction analysis. *See* Composite Exhibit 2.

Syndicate 4472, another one of the binding authorities for Certificate No. SS0470322, is not a citizen or resident of Florida or any other state within the United States. The sole underwriting member of Syndicate 2001 is Liberty Corporate Capital Ltd. Liberty Corporate Capital Ltd. is a United Kingdom Limited Company with its principal place of business at 20 Fenchurch Street, London, EC3M 3AW. The sole capital provider for Syndicate 2001 is Liberty Corporate Capital Ltd., which is a citizen of the United Kingdom for purposes of the diversity jurisdiction analysis. *See* Composite Exhibit 2.

Syndicate 382, also one of the binding authorities for Certificate No. SS0470322, is not a citizen or resident of Florida or any other state within the United States. Syndicate 382 is managed by Hardy (Underwriting Agencies) Ltd. as its managing agent. Hardy (Underwriting Agencies) Ltd. is a United Kingdom Limited Company with its principal place of business at 20 Fenchurch Street, London, EC3M3BY. The sole capital provider for Syndicate 382 is Hardy Underwriting Ltd., which is a United Kingdom Limited Company with its principal place of business at 20 Fenchurch Street, London, EC3M3BY. *See* Composite Exhibit 2.

Because Plaintiffs are citizens of the State of Florida and Lloyd's Underwriters are foreign insuring entities and are citizens of a foreign state, complete diversity exists. *Lincoln Prop. Co.* v. *Roche*, 546 U.S. 81, 81 (2005) (holding that the defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and the defendant).

## II.     Amount in Controversy

Under 28 U.S.C. § 1446(c)(2), if the initial pleading requests nonmonetary relief, then the notice of removal may state the amount in controversy. Removal will be proper if the district

court finds, by a preponderance of the evidence, that it is more likely than not that the amount in controversy exceeds $75,000. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)); 28 U.S.C. § 14462(c)(2)(B). The face of the complaint may demonstrate that the amount in controversy requirement is met, even if the complaint does not claim a specific amount of damages. *Id*. (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). In such cases, the Court may review the complaint and make "reasonable deductions, reasonable inferences [and] reasonable extrapolations," based on its judicial experience and common sense, to determine whether it is facially apparent that a case is removable. *Id*. at 1061-62.

Plaintiffs' complaint does not request a specific amount of damages, but seeks nonmonetary relief in the form of a declaration from the Court that Lloyd's Underwriters is to "defend and indemnify" Plaintiffs in connection with Counts I, II and III of the Underlying Complaint. (Underlying Compl. ¶¶ 23, 34, and 47).

When a plaintiff seeks nonmonetary relief in the form of a declaratory judgment, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "Alternatively stated, the value of the declaratory relief is the amount the plaintiff would recover or avoid losing if the declaratory relief was granted, including potential attorney's fees, statutory damages, and punitive damages." *Everett J. Prescott, Inc. v. Zurich Am. Ins. Co.*, 8:22-CV-2601-VMC-CPT, 2023 WL 34210, at *2 (M.D. Fla. Jan. 4, 2023) (citing *Phillips Excavating & Constr., Inc. v. Mount Vernon Fire Ins. Co.*, No. 8:08-cv-746-EAK-EAJ, 2008 WL 2856579, at *3 (M.D. Fla. July 22, 2008)).

If the declaratory judgment action involves the applicability of an insurance policy to a particular event or occurrence, the "object of the litigation" is the coverage the plaintiff seeks and

"the jurisdictional amount in controversy is measured by the value of the underlying claim." *Hartford Ins. Grp. v. Lou–Con, Inc.,* 293 F.3d 908, 911 (5th Cir. 2002) (internal quotation marks omitted); *see also Razaqyar v. Integon Nat'l Ins. Co.*, 8:20-cv-2444-VMC-CPT, 2020 WL 7054294, at *2 (M.D. Fla. Dec. 2, 2020) ("[T]he amount in controversy in the declaratory judgment action [brought by the insureds seeking a coverage determination] is the insurer's potential liability under the policy" (*quoting New Hampshire Indem. Co. v. Scott*, 8:11-cv-943-SDM-MAP, 2012 WL 6537098, at *2 (M.D. Fla. Dec. 14, 2012)).

Plaintiffs seek a declaration regarding Lloyd's Underwriters duty to defend and indemnify Plaintiffs under the Policy for claims of breach of contract, misrepresentation, and violation of Florida's Deceptive and Unfair Trade Practices Act. (Underlying Compl. ¶¶ 23, 34, and 47). The Underlying Complaint does not set forth a specific sum demanded, but simply asserts that it is an action seeking damages in excess of $50,000. (Underlying Compl. ¶ 1). Notwithstanding this indefinite statement, it is apparent from the allegations on the face of the Underlying Complaint that the value of the claims for which Plaintiffs seeks a declaration of coverage exceeds $75,000.

The Underlying Complaint alleges that "the Bakers agreed to purchase [a] Bulgari Necklace from Defendants" for the "purchase price [of] $610,000 plus tax, for a total of $652,700." (Underlying Compl. ¶¶ 13-14). The Underlying Complaint further alleges that because the necklace "could not be authenticated" by Bulgari and the sapphires in the necklace were not "certified" or "unheated," and were not "Burmese," the Bakers demanded a "refund of the $652,700," but that Stewart and Have Jewels "refused to agree to rescind the transaction" and "failed to refund the purchase price (or any portion of the purchase price) to the Bakers." (Underlying Compl. ¶¶ 19-20).

The Underlying Complaint alleges that as a result of Stewart's and Have Jewels' "material breaches of contract," and "representation (which are false statements of material facts that the Bakers detrimentally and justifiably relied upon in agreeing to purchase the Bulgari Necklace from Defendants)," the Bakers have been "damaged." (Underlying Compl. ¶ ¶ 36 and 44 ). The Underlying Complaint also alleges that the "Bakers have suffered actual damages as a direct result of Defendants' deceptive and unfair trade practices, including the difference in market value of the necklace in the condition in which it should have been delivered and in the condition in which it actually was delivered." (Underlying Compl. ¶ 53 ).

Based on the Bakers' claims for damages against Stewart and Have Jewels pursuant to their Counts for breach of contract, misrepresentation, and violation of Florida's Deceptive and Unfair Trade Practices Act, as set forth in the Underlying Complaint, and Stewart's and Have Jewels' request that Lloyd's Underwriters provide indemnification and a defense of those claims, it is apparent that the amount in controversy in this case exceeds the $75,000 threshold as set forth in 28 U.S.C. § 1332(a) for this Court to exercise jurisdiction.

### III. Venue

This action was originally filed in the Circuit Court of the Twentieth Judicial Circuit of Florida, Collier County, which sits in this federal judicial district and division, rendering venue proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

### IV. Conclusion

This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) because this action is between citizens of different states or foreign states and the amount in controversy exceeds the sum of $75,000.

For the foregoing reasons, Lloyd's Underwriters respectfully state that this action, previously pending in the Circuit Court of the Twentieth Judicial Circuit of Florida, Collier

County, is properly removed to this Court. Lloyd's Underwriters are the sole defendants in this action and no previous application has been made for the relief requested herein.

**WHEREFORE**, Certain Underwriters at Lloyd's Underwriters, London subscribing to Certificate Number SS0470322 respectfully remove this action from the Circuit Court of the Twentieth Judicial Circuit of Florida, Collier County.

Dated: April 10, 2024

Respectfully submitted,

**MOUND COTTON WOLLAN & GREENGRASS LLP**

By: */s/ Brooke O. Turetzky*
William D. Wilson, Esq. (Fla. Bar No. 71202)
wwilson@moundcotton.com
30A Vreeland Road, Suite 210
Florham Park, NJ 07932
Tel. (973) 494-0600
Fax (973) 242-4244

Brooke O. Turetzky, Esq. (Fla. Bar No. 113049)
bturetzky@moundcotton.com
110 East Broward Boulevard, Suite 1580
Fort Lauderdale, FL 33301
Tel. (754) 799-2610
Fax (954) 467-5880

*Counsel for Defendants,*
*Certain Underwriters at Lloyd's, London*
*subscribing to Certificate Number SS0470322*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal by Defendants, Underwriters at Lloyd's, London d/b/a Certain Underwriters at Lloyd's, London Subscribing to Certificate No., SS0470322 was served upon the following via e-mail on the 10th day of April 2024.

Jonathan S. Weirich, Esq.
YARNELL & PETERSON, P.A.
3431 Pine Ridge Road, Suite 101
Naples, Florida 34109
Ph. 239-566-2013
Fax 239-566-9561
JonathanWeirich@NaplesLaw.us
*Counsel for Plaintiffs,*
*Carly Stewart and*
*Have Jewels, Inc.*

By: */s/ Brooke O. Turetzky*
Brooke O. Turetzky, Esq. (Fla. Bar No. 113049)
bturetzky@moundcotton.com